**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| Valerie Thomas, M.D., Robert E. Thomas, Jr., P.A., individually and as personal representative of the Estate of Benjamin Thomas, )<br><br>Plaintiffs, )<br>)<br>v. )<br>)<br>Coca-Cola Company, Coca-Cola Bottling Company Consolidated, Piedmont Coca-Cola Bottling Partnership, Joseph James Stevens, Willbrook Links Investment Group, LLC, d/b/a Tradition Golf Club, Palmetto Labor Services, Inc., and Nivardo Ramirez, )<br><br>Defendants. ) | Civil Action No.: 2:08-CV-1580-PMD<br><br>**Order** |

This matter is before the court upon Defendant Nivardo Ramirez's Motion to Dismiss, Defendants Willbrook Links Investment Group, LLC, d/b/a Tradition Golf Club, and Palmetto Labor Services, Inc.'s Motion for Summary Judgment, and Defendant Coca-Cola Company's Motion for Summary Judgment. For the following reasons, the court grants Defendant Nivardo Ramirez's Motion to Dismiss and Defendant Coca-Cola Company's Motion for Summary Judgment, but denies Defendants Tradition Golf Club and Palmetto Labor Service, Inc.'s Motion for Summary Judgment with the right to re-file it at the completion of discovery.

**BACKGROUND**

This suit arises out of a bicycle-vehicular accident that caused the death of a minor child. Plaintiffs Valerie and Robert Thomas [collectively "Plaintiffs"] and their thirteen year old son,

Benjamin, were riding their bicycles in the eastbound lane on Kings River Road in Georgetown, South Carolina, when a Coca-Cola Bottling Truck, driven by Defendant Joseph James Stevens, crossed the center line in an attempt to pass a farm tractor, driven by Defendant Nivardo Ramirez ("Ramirez"). While passing the tractor, Defendant Stevens drove the truck into Benjamin Thomas and killed the child. His parents, Plaintiffs, brought this action, seeking relief both individually and as the personal representatives of their son's estate.

## **LEGAL STANDARD FOR SUMMARY JUDGMENT**

To grant a motion for summary judgment, the court must find that "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). The judge is not to weigh the evidence but rather must determine if there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). All evidence should be viewed in the light most favorable to the nonmoving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123–24 (4th Cir. 1990). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, disposition by summary judgment is appropriate." *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1991). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The "obligation of the nonmoving party is 'particularly strong when the nonmoving party bears the burden of proof.'" *Hughes v. Bedsole*, 48 F.3d 1376, 1381 (4th Cir. 1995) (quoting *Pachaly v. City of Lynchburg*, 897 F.2d 723, 725 (4th Cir. 1990)).

# ANALYSIS

## I. Motion to Dismiss Defendant Nivardo Ramirez

Defendant Willbrook Links Investment Group, LLC and Palmetto Labor Services, Inc. moved the court to dismiss all of the Plaintiff's claims asserted against Defendant Nivardo Ramirez. Plaintiff's consented to the dismissal of these claims, with the understanding that these Defendants admit Mr. Ramirez was acting as their employee at the time of the accident in question. Therefore, the court dismisses the claims against Defendant Ramirez.

## II. Defendants Tradition Golf Club and Palmetto Labor Services, Inc.'s Motion for Summary Judgment

As against Defendants Tradition Golf Club ("Tradition Golf") and Palmetto Labor Services, Inc. ("Palmetto Labor"), Plaintiffs assert survival and wrongful death causes of action based on negligence, as well as claims for negligent entrustment and negligent infliction of emotional distress. These claims arise from the fact that Tradition Golf and Palmetto Labor employed Nivardo Ramirez, who was driving the farm tractor owned by Tradition Golf, when Defendant Joseph James Stevens passed him, and struck and killed the decedent. Tradition Golf and Palmetto Labor move for summary judgment as to all of the Plaintiffs' claims, arguing that the Plaintiffs have failed to offer any evidence that Ramirez was negligent in his operation of the farm tractor, while Plaintiffs urge the court to refrain from ruling on these Defendants' motion until they have had time to complete discovery. On October 7, 2009, all the parties to this action moved to amend the scheduling order to extend the deadline for completing discovery and filing dispositive motions into December. Since the parties continue to complete discovery, the court denies Defendants Tradition Golf Club and Palmetto Labor Services, Inc.'s Motion for Summary Judgment, with the right to re-file their motion at the completion of discovery. Fed. R. Civ. P. 56(f)(1).

**III.     Defendant Coca-Cola Company's Motion for Summary Judgment**

Defendant Coca-Cola Company moves the court for judgment as a matter of law pursuant to Rule 56 of the Federal Rules of Civil Procedure as to Plaintiffs' survival and wrongful death causes of action based on negligence, as well as Plaintiffs' claims for negligent entrustment and negligent infliction of emotional distress. Coca-Cola Company does not believe that, as a matter of law, it can be held liable for Plaintiff's claims, either directly or vicariously. Plaintiff did not respond to Coca-Cola Company's motion.

Three entities affiliated with Coca-Cola products are named as defendants in this suit: Coca-Cola Company, Coca-Cola Bottling Company Consolidated, and Piedmont Coca-Cola Bottling Partnership. According to Coca-Cola Company, it merely provides concentrates and syrups from which Defendant Coca-Cola Bottling Company Consolidated ("Coke Bottling Consolidated") produces beverages, and Coke Bottling Consolidated has an agreement with the Coca-Cola Company that gives it the exclusive right to produce, sell, and distribute Coca-Cola products over a specified territory. Defendant Piedmont Coca-Cola Bottling Partnership ("Coke Partnership") is a partnership between Carolina Coca-Cola Bottling Investments, Inc., a subsidiary of the Coca-Cola Company, and certain subsidiaries of Coke Bottling Consolidated. Coca-Cola Company is not a partner in the Coke Partnership, nor is it involved in the management or operations of the Coke Partnership. Rather, Defendant Coke Bottling Consolidated manages the operations of the Coke Partnership, including the operation of the fleet of vehicles that deliver Coca-Cola products.

It is not disputed that the truck involved in the accident was owned by Defendant Coke Bottling Consolidated, as evidenced by the certificate of title to the truck which lists "Coca-Cola Bottling Company Consolidated" as its owner. It is also not disputed that the driver of the truck,

Defendant Joseph James Stevens, was employed by Defendant Coke Bottling Consolidated, as admitted in Coke Bottling Consolidated's Answers to Plaintiff's First Set of Interrogatories. Furthermore, Coca-Cola Company's Rule 30(b)(6) representative, Doug Coffed, testified at his deposition that Coca-Cola Company does not have any input into how Coca-Cola products are distributed by independent bottlers, like Coke Bottling Consolidated; it does not dictate the type of vehicles utilized by Coke Bottling Consolidated; and it does not participate in Coke Bottling Consolidated's hiring or training of drivers, nor does it supervise or provide any input as to how independent bottlers, including Coke Bottling Consolidated, distribute Coca-Cola products.

Plaintiffs do not contest Coca-Cola Company's position, and after considering its motion, the court does not find that Plaintiffs can hold Coca-Cola Company liable, either directly or vicariously, for the fatal accident that occurred. Coca-Cola Company merely provides concentrates and syrups and was in no way involved in the unfortunate incident. Therefore, the court grants Defendant Coca-Cola Company's Motion for Summary Judgment. Fed. R. Civ. P. 56(e)(2) ("If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.").

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that Defendant Nivardo Ramirez's Motion to Dismiss is **GRANTED** and that Defendant Coca-Cola Company's Motion for Summary Judgment is **GRANTED**. It is further **ORDERED** that Defendants Willbrook Links Investment Group, LLC and Palmetto Labor Services, Inc.'s Motion for Summary Judgment is **DENIED** with the right to re-file at the completion of discovery.

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**October 28, 2009**
**Charleston, SC**